**UNITED STATED BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| **In re:** | ) | |
| **HORACE TOLLIVER, III,** | ) | **Case No. 12-28449 HRT** |
| | ) | **Chapter 13** |
| **Debtor.** | ) | |
| **HORACE TOLLIVER, III,** | ) | **Adversary No. 15-01322 HRT** |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| **CITIMORTGAGE et al.,** | ) | |
| **Defendants.** | ) | |

**ORDER GRANTING MOTION TO DISMISS AND RELIEF FROM STAY**

THIS MATTER came before the Court on the Motion to Dismiss Debtor's Complaint (the "Motion," docket #6), filed by Defendants CitiMortgage, Inc. ("Citi"), the Law Firm representing Citi in this matter (the "Law Firm"),[1] and individually-named attorneys employed by the Law Firm (the "Law Firm Attorneys");[2] the Response thereto (docket #8), filed by the Plaintiff, Debtor Horace Tolliver III (the "Debtor"); and the Reply thereto (docket #13) filed by Citi, the Law Firm, and the Law Firm Attorneys. The Court has reviewed the file[3] and is advised in the premises, and hereby concludes as follows.

---

[1] The Court has intentionally omitted the names of the law firm and its individual attorneys.

[2] As set forth in the Motion, one of the individually-named defendants was not employed by the Law Firm at the time that the Plaintiff's Complaint was filed and served. It does not appear that that particular defendant was properly served in this action. Nevertheless, for the reasons discussed herein, the Court finds that the Plaintiff's Complaint should be dismissed as to all defendants on the merits.

[3] The Court takes judicial notice of the undisputed facts contained in the record before the Court in the Debtor's underlying bankruptcy cases, as well as the undisputed facts of the pleadings in the above-captioned adversary proceeding. Fed. R. Evid. 201.

## BACKGROUND

### The Debtor's Underlying Bankruptcy Cases

The Debtor is a repeat bankruptcy filer, having filed three cases in this district within a ten-year period. His first case, a voluntary chapter 7 case filed on February 14, 2003, and assigned case number 03-12406-HRT, was voluntarily dismissed. It was closed on September 24, 2003.

The Debtor's second case, a voluntary Chapter 7 case filed May 6, 2005, was assigned case number 05-20791-HRT. The Debtor stated in his petition that there were no lawsuits pending within one year prior to his bankruptcy filing, but the Defendants allege that the filing stayed a then-pending foreclosure sale of the Debtor's residence. On May 31, 2005, Deutsche Bank National Trust Company filed a Motion for Relief from Stay (docket #9 in #05-20791-HRT) to proceed to enforce its state law rights regarding the residence. The Debtor did not file a response to the motion, and the Court granted relief from stay by Order entered June 28, 2005 (docket #12 in #05-20791-HRT). The Defendants allege that the residence was subsequently sold by foreclosure sale. The Debtor received his Chapter 7 discharge by Order entered August 24, 2005, and the Debtor's case was closed on September 9, 2005.

The Debtor filed his most recent case, a voluntary Chapter 13 case, on September 4, 2012, case number 12-28449-HRT. The Debtor's petition states that a foreclosure action on his residence (a different residence than that involved in his prior case) was pending before the Arapahoe County Public Trustee, with a sale date set for September 5, 2012.

The Debtor's petition was accompanied by a Chapter 13 plan (docket #2 in case #12-28449-HRT) proposing to pay a total of $42,693 to the Debtor's unsecured creditors. The Chapter 13 Trustee objected to confirmation of that plan, and this Court denied confirmation. The Debtor subsequently filed an Amended Chapter 13 Plan (the "Amended Plan," docket #16 in case #12-28449-HRT), which proposed to pay a total of $58,541 to his unsecured creditors. The Amended Plan was confirmed by Order entered December 26, 2012 (docket #20 in #12-28449-HRT). The Amended Plan included the following provision:

> The Debtor shall turnover copies of his tax returns annually to the Chapter 13 trustee and if the Debtor's annual income exceeds $100,000.00, the Debtor agrees to turnover to the Chapter 13 trustee 33.3% of any net amount exceeding $100,000.00.

Amended Plan at ¶ V.G.

On September 8, 2014, the Chapter 13 Trustee filed a Motion to Dismiss the Debtor's bankruptcy case (docket #44 in #12-28449-HRT), stating that the Debtor had failed to provide

the Trustee with copies of his 2012 and 2013 tax returns, despite the requirements of the Debtor's Amended Plan and also of 11 U.S.C. § 521(f). The Court held an evidentiary hearing on the matter on December 18, 2014, which the Debtor did not attend. Following the hearing, the Debtor's case was dismissed (docket ##57,58 in #12-28449-HRT).

On January 23, 2015, the Debtor filed a Motion to Reinstate Case (docket #62 in #12-28449-HRT). The Chapter 13 Trustee objected to the Motion to Reinstate, asserting that the tax returns that had by then been provided showed substantial additional income, and the Debtor's Plan would need to be amended accordingly, to provide a 100% payment to unsecured creditors. The Court set the matter for evidentiary hearing to be held on April 29, 2015. The day before the scheduled hearing date, the parties reached a compromise allowing the Debtor's case to be reinstated, providing that the Debtor filed an amended plan that would pay unsecured creditors 100% of their claims. The Court reinstated the Debtor's case by Order entered May 13, 2015 (docket #84 in #12-28449-HRT). By Order entered June 22, 2015 (docket #91 in #12-28449-HRT), the Court approved the Debtor's modified plan (docket #81, corrected by docket #89 in #12-28449-HRT), which provided a payment of $74,421.00 to unsecured creditors.

**Citi's Institution of Foreclosure Proceedings**

Citi is the servicer of the loan secured by the Debtor's residence, which was the subject of foreclosure proceedings pending on the day that the Debtor filed his bankruptcy case. During the initial pendency of the Debtor's current bankruptcy case, from September 4, 2012, until it was dismissed on December 18, 2014, Citi took no action to proceed with the foreclosure. At that time, Citi was represented by a different law firm that did not enter an appearance in the Debtor's bankruptcy case. After the dismissal of the Debtor's bankruptcy case on December 18, 2014, Citi retained the Law Firm to commence a non-judicial foreclosure of the Debtor's residence.

On behalf of Citi, the Law Firm initiated Arapahoe County Public Trustee Sale No. 0165-2015, in March of 2015. The Notice of Election and Demand for Sale, recorded on March 17, 2015, and mailed to the Debtor on that same date, set forth the dates on which the Public Trustee would publish notice of the foreclosure in the Aurora Sentinel, with a first publication date of May 14, 2015, and a last publication date of June 11, 2015. The Notice of Sale also contained the name and contact information of the Law Firm and the Law Firm Attorneys. Neither the Debtor nor his attorney contacted the Law Firm or the Law Firm Attorneys to notify them of the pending Motion to Reinstate, which had previously been served on Citi at a South Dakota post office box address.

When this Court entered its Order reinstating the Debtor's case on May 13, 2015, the Order was not served on Citi or the Law Firm. It was served on Debtor's counsel, who did not immediately notify Citi, the Law Firm, or the Public Trustee of the reinstatement. The Public

Trustee's publication of the foreclosure proceeded as scheduled, running in the Aurora Sentinel on May 14, 2015, May 21, 2015, May 28, 2015, June 4, 2015, and June 11, 2015.

On June 16, 2015, a notice of reinstatement of the Debtor's case was filed on the Public Trustee's website. The foreclosure sale, which had been scheduled to take place on July 8, 2015, was not held.

On July 17, 2015, the Law Firm filed a Motion for Relief from Stay on Citi's behalf (docket #93 in #12-28449-HRT), setting an August 11, 2015, hearing date. The notice accompanying the Motion for Relief from Stay provided that any objection was required to be filed by August 4, 2015. The Debtor did not file an objection to the Motion for Relief from Stay.

On August 11, 2015, the Debtor filed the above-captioned adversary proceeding against Citi, the Law Firm, and the Law Firm Attorneys. The Debtor's Complaint asserts that each publication of the foreclosure constituted a violation of the automatic stay, and that Citi's refusal to withdraw its foreclosure constituted a separate violation of the automatic stay. The Debtor asserts that the pending foreclosure caused him stress and humiliation, and he seeks an award of actual and punitive damages. Citi, the Law Firm, and the Law Firm Attorneys seek dismissal of the Debtor's Complaint.

## DISCUSSION

To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under this standard:

> the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.

*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). The Debtor has the burden to frame his Complaint "with enough factual matter (taken as true) to suggest" that he is entitled to relief. *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

Applying the above standard, the Court will consider separately the allegations of the Debtor's Complaint with regard to actions taking place prior to the Court's May 13, 2015, order reinstating the Debtor's bankruptcy case, and those taking place after that date.

**Actions prior to May 13, 2015**

The undisputed facts show that during the initial pendency of the Debtor's bankruptcy case, from September 4, 2012, until it was dismissed on December 18, 2014, Citi took no action to proceed with the foreclosure proceeding that was pending at the time the Debtor filed his petition.

In March of 2015, when the automatic stay was not in effect because the Debtor's case remained dismissed, the Law Firm instituted a new foreclosure proceeding on Citi's behalf. The actions of Citi, the Law Firm, and the Law Firm Attorneys taken at that time did not violate the automatic stay, because the automatic stay was not then in effect. The subsequent reinstatement of the Debtor's case may have reimposed an automatic stay,[4] but any such reimposition was not retroactive. *See In re Murphy*, 493 B.R. 576 (Bankr. D. Colo. 2013).

The Notice of Election and Demand for Sale, recorded on March 17, 2015, and mailed to the Debtor on that same date, set forth the dates on which the Public Trustee would publish notice of the foreclosure in the Aurora Sentinel, with a first publication date of May 14, 2015, and a last publication date of June 11, 2015. That publication was required by Colo. Rev. Stat. § 38-38-103(5)(A), which provides, in relevant part: "No more than sixty calendar days nor less than forty-five calendar days prior to the first scheduled date of sale . . . a deed of trust or other lien being foreclosed shall be deemed to require the officer to commence publication of the combined notice . . . for four weeks, which means publication once each week for five consecutive weeks." The Public Trustee's initial arrangements for publication, pursuant to its statutory duty, were necessarily made prior to the date that this Court reinstated the Debtor's case. They were made at a time that the stay was not in effect, and cannot constitute a violation of the automatic stay. The Court finds as a matter of law that nothing that happened prior to May 13, 2015, the date that this Court reinstated the Debtor's case, provides a basis for a finding of a violation of the stay, much less a willful violation necessary for an award of damages.

**Actions on or after May 13, 2015**

In order to establish that any of the Defendants willfully violated the stay that became effective on May 13, 2015, the Debtor must prove that "the defendant knew of the automatic stay and that the defendant's actions which violated the stay were intentional." *Diviney v. NationsBank of Texas, N.A. (In re Diviney)*, 225 B.R. 762, 774 (10th Cir. BAP 1998) (quoting *INSLAW, Inc., v. United States (In re INSLAW, Inc.)*, 83 B.R. 89 (Bankr. D. D.C. 1988)).

---

[4] The Court assumes, without deciding the issue on the merits, that reinstatement of a Chapter 13 case reimposes the automatic stay.

*Diviney* was a Chapter 13 case with a confirmed plan of reorganization that provided for payment to a creditor whose claim was secured by the debtor's car (the "Bank"). The debtor's case was dismissed for failure to make plan payments, and the Bank received notice of the dismissal. The debtor subsequently filed a motion to reinstate, which she served on the Bank using an incorrect zip code. The motion to reinstate was granted, but the court did not serve a copy of the reinstatement order on all parties in interest. When the debtor received her copy of the reinstatement order, she immediately mailed a copy to all parties in interest, including the Bank, but again used the wrong zip code for the Bank. Shortly after the debtor's case was reinstated, the Bank repossessed the debtor's car. After the repossession, the debtor called the bank over 20 times, explaining that her case had been reinstated and that the Bank was required to return the car. The Bank refused to return the car and subsequently sold it at auction. The debtor brought an adversary proceeding against the Bank, asserting that the Bank had violated the stay that became effective when her case was reinstated. The bankruptcy court found that the Bank had willfully violated the stay, and on appeal, the bankruptcy appellate panel affirmed.

There are some similarities between the facts of the *Diviney* case and the facts of the instant case. Both involved Chapter 13 cases with confirmed plans of reorganization. Both cases were dismissed and subsequently reinstated, and in both cases secured creditors took actions to pursue their state law rights. But, there are some key differences. In *Diviney*, the Bank repossessed the debtor's car a few days after the debtor's case had been reinstated, thus technically violating the stay. Because the Bank had no notice of the reinstatement order, the court found no willful stay violation in the repossession. It was not until after the repossession, when the debtor called the Bank over 20 times, giving the Bank the necessary notice, that the Bank's refusal to return the car became a willful violation of the stay.

In the instant case, had the Debtor or his attorney notified Citi and the Law Firm of the reinstatement order, and had Citi and the Law Firm then proceeded to conduct the foreclosure sale, the Debtor would have stated a plausible claim for a willful violation of the stay. *See Diviney*, 225 B.R. at 776 (an innocent stay violation can become willful if the creditor fails to remedy the violation after receiving notice of the stay). But those are not the facts of this case. Instead, Citi and the Law Firm began the foreclosure proceeding at a time that the stay was not in effect. The stay did not become effective until publication had already been arranged by the Public Trustee. Although Colorado law provides for a Public Trustee to cancel further publications upon receiving notice of a bankruptcy stay, *see* Colo. Rev. Stat. § 38-38-109(2), the Public Trustee cannot do so without notice of the bankruptcy stay. In this case, the Debtor alleges that a Notice of Bankruptcy was filed with the Public Trustee on June 16, 2015. By that time, the publications had been completed. There was nothing further for the Public Trustee to do.

The Debtor's Complaint does not specify who filed the notice of bankruptcy with the Public Trustee. If it was filed by the Law Firm on behalf of Citi, that would show that the Law Firm and Citi took action to stop the foreclosure process before the sale date, which would

negate a finding of a willful violation of the automatic stay. If it was filed by the Debtor or his attorney, the Court would question why it was not filed earlier, in time to cancel any remaining publications. The Debtor was aware of the reinstatement of his case on the day that it happened, May 13, 2015. In contrast, there is no allegation that Citi or the Law Firm were aware of the reinstatement prior to June 16, 2015. In the absence of notice, a stay violation cannot be a willful violation. *Diviney*, 225 B.R. at 773-74. In the absence of a willful violation, the Court cannot award damages under 11 U.S.C. § 362(h). *Id.*

Even if the Complaint could be amended to allege that Citi and the Law Firm received notice of the reinstatement of the Debtor's case at some point between May 13, 2015, and June 16, 2015, and failed to take action to stop the Public Trustee's publication process, the Court cannot find a violation of the automatic stay, as a matter of law. Allowing the publication process to continue is not an act to collect a pre-petition debt, to exercise control over property of the Debtor's estate, or to enforce Citi's lien. *Henson v. Bank of Am., N.A. (In re Henson)*, 477 B.R. 786, 789-90 (Bankr. D. Colo. 2012) (discussing published notices of a foreclosure sale date that was continued from week to week while the bankruptcy stay was in effect).

Finally, the Debtor asserts that the Law Firm and Citi's failure to withdraw the foreclosure sale constitutes a violation of the automatic stay. The Court disagrees. Colorado law specifically sets forth the effect of a bankruptcy stay on a pending foreclosure proceeding. *See* Colo. Rev. Stat. § 38-38-109(2). If all publications have been completed prior to the time that the stay becomes effective, the sale may be continued from week to week. If all publications have not been completed, the sale shall not be continued, and the Public Trustee must re-record the Notice of Election and Demand for Sale, and the foreclosure begin anew, following the termination of the bankruptcy stay. Neither case requires a withdrawal. In fact, the section on withdrawal by the Public Trustee, a form of negative notice that allows a Public Trustee to post a withdrawal after a certain period of time, prohibits any withdrawal from taking effect while a bankruptcy stay is in effect. Colo. Rev. Stat. § 38-38-109(3). Following the process set forth in the Colorado statutes does not constitute a stay violation. *See Henson*, 477 B.R. at 789-91. The Court finds as a matter of law that nothing that happened on or after May 13, 2015, the date that this Court reinstated the Debtor's case, provides a basis for a finding of a violation of the stay, much less a willful violation necessary for an award of damages.

## CONCLUSION

For the reasons discussed above, the Court finds that the Debtor has failed "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The Court will therefore grant the Defendants' Motion to Dismiss.

The Court further notes that the Motion for Relief from Stay filed by the Law Firm on Citi's behalf (docket #93 in #12-28449-HRT), remains pending. As provided in the Notice accompanying the Motion for Relief from Stay, any response to the Motion was required to be

filed by August 4, 2015. The Debtor did not file any response to the Motion for Relief from Stay. The Debtor filed his Complaint a week later on August 11, 2015, but the Complaint is not responsive to the allegations of the Motion for Relief from Stay. The Court finds that the Debtor's failure to respond to the allegations of the Motion for Relief from Stay constitutes a default, and the allegations are deemed admitted. The Court will grant the Motion for Relief from Stay by separate order.

Accordingly, it is

HEREBY ORDERED that the Motion is GRANTED, and the above-captioned adversary proceeding will be DISMISSED by separate judgment. It is

FURTHER ORDERED that Citi's Motion for Relief from Stay (docket #93 in #12-28449-HRT) will be GRANTED by separate order.

Dated this 3rd day of December, 2015.

BY THE COURT:

Howard R. Tallman, Judge
United States Bankruptcy Court